# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ROY TRIPLETT, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   Case No. 14-2054-CM-JPO |
| | ) |
| CYNTHIA LOUISE JEANEAS, et al., | ) |
| | ) |
|     Defendants. | ) |

## MEMORANDUM AND ORDER

Pro se plaintiff Roy Triplett[1] filed a complaint on February 6, 2014 against an "SSA clerk," three individuals, and an attorney (Doc. 1). From what the court can discern, plaintiff appears to assert some sort of claim against the United States Postal Service for mail fraud. Plaintiff has been granted leave to proceed *in forma pauperis* (Doc. 6).

Since plaintiff filed his complaint, he has been a prolific filer of documents. Plaintiff has filed four discovery motions (Docs. 7, 15, 20, 21); four pleadings entitled "Brief" (Docs. 16, 18, 19, 25); and one pleading entitled "Depositions" (Doc. 22). Regarding these filings, Magistrate Judge O'Hara has expressly cautioned plaintiff that his failure to follow the court's orders could result in sanctions (Docs. 14, 17, 23). Plaintiff also has filed four requests to amend his complaint (Docs. 24, 26, 31, 35) and a motion for summary judgment (Doc. 42). Because plaintiff filed his first request to amend his complaint before any defendant had answered or otherwise responded, the court deems the amended complaint at Doc. 24 as the operative complaint (hereinafter "complaint"). At issue here is whether the

---

[1] In his complaint and subsequent case captions and filings, plaintiff refers to the suing party as "Roy Triplett, PC." Plaintiff fails to make a single allegation related to this entity, whether the entity exists at all, or where that entity is incorporated. However, such pleading inadequacies are irrelevant given that plaintiff may not maintain a pro se action in the name of a business entity.

claims this pro se plaintiff asserts in his complaint are frivolous and should be dismissed pursuant to 28 U.S.C. § 1915.

### A. History with this Pro Se Plaintiff

This case is less than one month old, and plaintiff already has exhibited a blatant disregard for Magistrate Judge O'Hara's instructions and orders relating to filings. Moreover, the motions and papers plaintiff has filed thus far are lengthy, confusing, and in most instances nonsensical.

The court notes that voluminous and incoherent filings by this plaintiff are not new. On August 8, 2005, the undersigned dismissed sua sponte a frivolous lawsuit filed by this plaintiff. *Triplett v. Triplett*, No. 04-2223-CM, 2005 WL 2122802 (D. Kan. Aug. 8, 2005). The Tenth Circuit affirmed. *Triplett v. Triplett*, 166 F. App'x 338 (10th Cir. 2006). Several years later, Judge Crow dismissed another complaint filed by this pro se plaintiff, which also was affirmed on appeal. *Triplett v. U.S. Dep't of Def.*, 441 F. App'x 618, 619 (10th Cir. 2011).

More recently, the Western District of Missouri dismissed a case in which this pro se plaintiff filed a complaint almost identical to the complaint filed in this case. *Triplett v. U.S. Postal Serv.,* No. 14-0063-CV-HFS (W.D. Mo. Feb. 3, 2014) (Doc. 8). In that case, Judge Sachs dismissed plaintiff's claims, finding plaintiff's allegations "unintelligible" and noting that this plaintiff "has been a frequent filer of unsuccessful actions and a prolific filer of motions against the Postal Service, and others." *Id.* at 2 (citing *Triplett, PC v. U.S. Postal Serv.*, No. 13-00463 (W.D. Mo. 2013); *Triplett v. Univ. of Missouri-Kansas City*, No. 4:00-CV-1127-FJG (W.D. Mo. 2000); *Triplett v. Edgar J. Lindsey*, No. 4:00-CV-1129-GAF (W.D. Mo. 2000); *Triplett v. Rockhurst Univ.*, No. 4:01-CV-00395-ODS (W.D. Mo. 2001); *Triplett v. Office of U.S. Dep't of State*, No. 4:13-CV-00912-DW (W.D. Mo. 2013)).

### B. Plaintiff's Complaint is Frivolous

Pursuant to 28 U.S.C. § 1915(e)(2)(B), federal district courts are required to dismiss *in forma pauperis* proceedings that are frivolous or that fail to state a claim. *McMurray v. Smith*, 301 F. App'x 838, 838 (10th Cir. 2008). Such dismissal is warranted "if the plaintiff cannot make a rational argument on the law and facts," *Whitney v. New Mexico*, 113 F.3d 1170, 1172 (10th Cir. 1997) (citations and quotations omitted), or "when it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile," *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma*, 925 F.2d 363, 365 (10th Cir.1991)).

Here, plaintiff has failed to set forth any facts giving rise to his purported cause(s) of action, and it is not apparent from the complaint (or his subsequent proposed amended complaints) just what his causes of action are.

In his complaint, plaintiff states:

> The Plaintiff may address to the members of the United States Postal Service, located at 301 W. Pershing Road, Kansas City, MO 64106, for the contentions of a lawsuit, to presume from a condition of facts surrounding a loss or stolen articles of express mail, and the contention of an ongoing scheme of mail fraud to involve the use of schemes in a detention and seizure of sources of business mail.

(Doc. 24 at 3.[2]) Plaintiff's complaint is forty-two pages of rambling text that makes little sense, if any, in which he seeks "compensatory terms of $26 Trillion/ per month to be paid over 28 years, and a lump-sum payment of $500 Billion dollars in the reward of money judgments, due to an invasion of privacy from torts running with the land of the United States Postal Service over 25 years." (Doc. 24 at 40-41.)

With respect to the named defendants, plaintiff has sued Cynthia Louise Jeaneas, "SSA Clerk," along with Rick Hays, CSCCVS Manager; Eleanor Williams, Office Manager; Wilma Jamilla Jeaneas,

---

[2] Plaintiff did not include page numbers in his Amended Complaint.

Hub Operations Manager; and Lawrence Ashwander, Attorney at Law. These are the parties set forth in plaintiff's case caption, and he repeats throughout his complaint that these are the parties he is suing.[3] However, plaintiff fails to include any allegation about these defendants or their connection, if any, to the United States Postal Service.

Even more significant is that plaintiff has failed to allege any conduct in which any one of these defendants engaged. Plaintiff generally alleges "an ongoing scheme of mail fraud to involve the use of schemes in a detention and seizure of sources of business mail." (Doc. 24 at 3.) However, in the entire forty-two pages of his complaint, plaintiff alleges only one fact: "Plaintiff may allege that on February 16, 2012, at 10:14:59 AM, a purchase of certified registered mail was completed at the Union Station Post Office. Therefore, the creation of damages did occur within a realm of business operations under the control the United States Postal Service . . . ." (*Id.* at 4.) Plaintiff does not allege who made this "purchase of certified registered mail," whether any of the named defendants were involved in the sale of this certified registered mail, what the unlawful conduct was, or whether plaintiff was somehow injured by the purchase of the "certified registered mail."

This factual allegation is wholly insufficient to support any claims asserted by plaintiff, whatever those claims may be. And even though plaintiff cites to numerous statutory and constitutional provisions, plaintiff offers no explanation regarding how these relate to his purported claims. Generally, a complaint is legally frivolous if it rests on an "indisputably meritless legal theory" such as an "infringement of a legal interest which clearly does not exist." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). Here, the court simply cannot discern from plaintiff's complaint what legal interest he alleges was infringed.

The court is mindful that pro se plaintiff's pleadings are to be construed liberally. However, the district court is not to assume the role of advocate. *Hall*, 935 F.2d at 1110. The court has

---

[3] Plaintiff sometimes refers to Ms. Jeaneas as "Cynthia Louis Jeaneas."

thoroughly reviewed plaintiff's complaint and finds that plaintiff's complete lack of supporting factual averments and failure to identify any legal theory render dismissal appropriate. *Id.* (citations omitted). Plaintiff's complaint does not rest on any cognizable legal interest and is, therefore, subject to dismissal as frivolous under § 1915(e)(2)(B)(i) and for failure to state a claim under § 1915(e)(2)(B)(ii).

In an abundance of caution, the court also has reviewed plaintiff's subsequent requests to amend his complaint (Docs. 26, 31, 35) to determine whether any of those pleadings could possibly state a claim. "A court properly may deny a motion for leave to amend as futile when the proposed amended complaint would be subject to dismissal for any reason." *Martin Marietta Materials, Inc. v. Kan. Dep't of Transp.*, 953 F. Supp. 2d 1176, 1181 (D. Kan. 2013) (quoting *Bauchman for Bauchman v. W. High Sch.*, 132 F.3d 542, 562 (10th Cir. 1997)). Dismissal is appropriate when the factual allegations fail to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Like plaintiff's operative complaint, each of plaintiff's subsequent proposed amended complaints is lengthy, incoherent, and contains the same, isolated, factual allegation. Indeed, the court cannot discern from plaintiff's proposed complaints any viable claim(s), and the court concludes that any attempt to remedy the proposed complaints would be futile. Accordingly, the court denies plaintiff's requests to amend his complaint.

**IT IS THEREFORE ORDERED** that plaintiff's Motions to Amend Complaint (Docs. 26, 31, 35) are denied, and plaintiff's claims are dismissed pursuant to 28 U.S.C. § 1915 (e)(2)(B)(i) and (ii).

Dated this 10th day of March, 2014 at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**