# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

ROY TRIPLETT, )
 )
    Plaintiff, )
 )
v. ) Case No. 14-2054-CM
 )
CYNTHIA LOUISE JEANEAS, et al., )
 )
    Defendants. )
 )

## MEMORANDUM AND ORDER

Pro se plaintiff Roy Triplett filed a complaint on February 6, 2014, against an "SSA clerk," three individuals, and an attorney (Doc. 1). After plaintiff filed his original complaint, plaintiff filed four requests to amend his complaint (Docs. 24, 26, 31, 35). On March 10, 2014, this court entered a Memorandum and Order finding that plaintiff's claims were frivolous and dismissing plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) (Doc. 44). This matter is before the court on plaintiff's Motions for Reconsideration (Docs. 45, 48, 52). For the following reasons, the court denies plaintiff's motions.

## I. LEGAL STANDARDS

Plaintiff captioned his motions as ones for reconsideration, yet plaintiff failed to state whether he seeks to alter or amend the court's judgment under Federal Rule of Civil Procedure 59(e) or whether he seeks relief under Federal Rule of Civil Procedure 60(b). Indeed, as with all of plaintiff's documents filed to date,[1] plaintiff's motions for reconsideration are incoherent and nonsensical. Because plaintiff filed his motions within twenty-eight days of the court's order, however the court

---

[1] Plaintiff has filed four discovery motions (Docs. 7, 15, 20, 21); four filings entitled "Brief" (Docs. 16, 18, 19, 25); one filing entitled "Depositions" (Doc. 22); and four motions for summary judgment (Docs. 42, 46, 49, 51).

-1-

will review plaintiff's motions under Federal Rule of Civil Procedure 59(e). *Commonwealth Prop. Advocates, LLC v. Mortg. Elec. Registration Sys., Inc.*, 680 F.3d 1194, 1200 (10th Cir. 2011).

The Tenth Circuit has recognized three grounds warranting reconsideration under Rule 59(e): (1) an intervening change in law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice. *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). A motion under this rule is "appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *Id.*

## II.     ANALYSIS

As best the court can discern, plaintiff appears to allege that the court has engaged in judicial misconduct; the undersigned should recuse; judicial sanctions should be implemented; and a show cause order should be issued. In his motions, plaintiff cites to and appears to quote extensively from a number of random statutes and local rules, none of which is applicable here. Plaintiff also seems to suggest he has an unlimited right to sue under 28 U.S.C. § 1915 and that his case should be decided by the magistrate judge. The court reminds this pro se plaintiff that § 1915 provides that federal courts ***shall*** dismiss *in forma pauperis* proceedings that are frivolous or that fail to state a claim. 28 U.S.C. § 1915(e)(2)(B); *McMurray v. Smith*, 301 F. App'x 838, 838 (10th Cir. 2008). Thus, plaintiff is not entitled to proceed simply because he has been granted *in forma pauperis* status under § 1915.

While plaintiff requests "the entrance of orders to overturn the procedural rulings of March 10, 2014,"[2] plaintiff gives no reason why this court's decision to dismiss his claims was erroneous. Plaintiff's mere dissatisfaction with the court's ruling does not warrant reconsideration. *Lopez v. Cricket Commc'n, Inc.*, No. 11-CV-1506-CMA-KMT, 2013 WL 2351336, at *2 (D. Colo. May 16, 2013) ("Plaintiff's disagreement with the Court's resolution of this question does not entitle him to reconsideration of it."). Instead, plaintiff's proper avenue of relief is to timely appeal the court's

---

[2] (Doc. 45 at 7; Doc. 48 at 6; Doc. 52 at 6.)

decision—not to repeatedly file baseless motions for reconsideration. *Cole v. Convergys Customer Mgmt. Grp., Inc.*, No. 12-2404-SAC, 2013 WL 5149623, at *1 (D. Kan. Sept. 12, 2013). In sum, plaintiff fails to allege any intervening change in controlling law, any new evidence previously unavailable, or the need to correct clear error or prevent manifest injustice. Accordingly, denial of plaintiff's motions is warranted. *Van Deelen v. Johnson*, No. 05-4039-SAC, 2006 WL 2370120, at *1 (D. Kan. Aug. 15, 2006).

**IT IS THEREFORE ORDERED** that plaintiff's Motions for Reconsideration (Docs. 45, 48, 52) are denied.

Dated this 18th day of April, 2014, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
United States District Judge
